# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Lori DeFazio and Carol Grubb, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>Pressler & Pressler, L.L.P.; and Midland Funding, LLC; and John Does 1-25<br><br>Defendant(s). | Civil Case No: 2:10-cv-03602 JLL MAH<br><br><br><br>**ELECTRONICALLY FILED** |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL AND SCHEDULING OF FAIRNESS HEARING AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs, Lori DeFazio and Carol Grubb, on behalf of themselves and all others similarly situated, (hereinafter "Plaintiffs") and Defendant Pressler & Pressler, L.L.P. (hereinafter "Defendant"), by and through its undersigned counsel, jointly move the Court for an Order certifying a Fed. R. Civ. P. 23(b)(2) class in the above matter and approving a settlement among all the parties, which will resolve this matter in its entirety.  The parties further respectfully request that Joseph K. Jones, Esquire, be approved as class counsel and that the Court schedule a Fairness Hearing to approve the settlement.  For the reasons set forth below, the settlement is fair, reasonable and equitable, thus warranting approval by the Court.

## I.     INTRODUCTION AND PROCEDURAL HISTORY

The parties move jointly for preliminary approval of a class action settlement that has been reached after arm's-length negotiations.  The settlement will provide a fair and reasonable

recovery to a class in excess of 100,000 New Jersey consumers who were sent a certain form of a debt collection letter and/or notice.

In their class action Complaint, Plaintiffs alleged that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), based upon collection letters and other documents sent to Plaintiffs and annexed to the Complaint.  Defendant has denied these allegations and maintain that it has not violated any law or committed any wrongdoing.

On July 16, 2010, Plaintiffs filed their Complaint as a class action against Defendant. Thereafter, the parties began earnest settlement negotiations. The negotiations resulted in an agreement to settle the matter on the terms set forth in the Settlement Agreement, a copy of which is attached hereto as Exhibit A.  A proposed Approval Order is attached as Exhibit B.  The terms of the settlement are fair and well within the range of reasonableness for a class action settlement of this kind.

## II.     SUMMARY OF THE TERMS OF THE SETTLEMENT

### A.      Definition of the Proposed Settlement Class

The Settlement Agreement defines the Settlement Class as:

> All natural persons residing in the State of New Jersey who were sent a collection letter, notice or complaint containing one or more Class Claims as set forth in the Class Action Settlement annexed hereto as Exhibit A, between July 17, 2009, and the day the Order of Preliminary Approval of Class Action Settlement is entered.

There are over a hundred thousand such persons who are New Jersey Class Members. Excluded from the New Jersey Class are:

      (i) Any person specifically identified by name in any lawsuit, arbitration or other similar action, brought or filed against Defendant by said identified person whether as a complaint, counterclaim, third party complaint or other pleading, which has been filed and is pending up to and through the day that Preliminary Approval of the Class Action Settlement is entered.

.

**B.**     **Relief to Plaintiffs**

Within ten (10) days following Final Approval, Defendant agrees to pay $2,000.00 to each Plaintiff, Lori DeFazio and Carol Grubb, in recognition of their services as Class Representatives and in full settlement of their FDCPA claims against the Release Party.

**C.**     **Relief to Class via *Cy Pres* Distribution**

Defendant shall make a cy pres payment in the total amount of $35,000.  The $35,000 shall be provided to Deirdre's House in Morristown, New Jersey which provides services to child victims of abuse and/or neglect and for children that have witnessed domestic violence. The cy pres award shall be issued by Defendant, who shall deliver same to the recipient within 10 days of the Final Approval.

**D.**     **Release of Claims**

In exchange for the benefits provided by the proposed Settlement, if the Court approves this Settlement at the Fairness Hearing, then:

      Plaintiffs, as of the Effective Date of the Settlement Agreement, do hereby release and forever discharge Defendants and their representatives, employees, agents, attorneys and insurers ("Released Parties") of and from all causes of action, suits, claims and demands, in law or in equity, for damages, costs and fees related to this action.  This release is conditioned upon the final approval of the Settlement Agreement by the Court.

      Each class member, as of the Effective Date of the Settlement Agreement, does hereby release and forever discharge Defendants

only from class liability in a future action. The class members in this action do not hereby release individual claims for damages against the Released Parties. This release is conditioned upon the final approval of the Settlement Agreement by the Court.

**E.**     **Attorneys' Fees and Costs**

Subject to Court approval, Class Counsel's fees and costs shall be paid by Defendant in the amount of $35,000, which payment includes costs and expenses, time already spent and time to be spent including finalizing the Settlement, preparing settlement documents, drafting briefs, attending hearings, responding to and defending against any objections to the settlement and monitoring of the settlement and settlement administration. The fees are the sole property of Class Counsel, not plaintiffs or the Class. This payment will not reduce the benefits to the Settlement Class.

**III.     LEGAL ARGUMENT**

**A.**     **The Court Should Grant Preliminary Approval of the Settlement Agreement**

The parties jointly seek preliminary approval of the Settlement Agreement. "Compromises of disputed claims are favored by the courts." *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 317 (3d Cir. 1998). Settlement will spare the parties the uncertainty, delay and expense of a trial, while simultaneously reducing the burden on judicial resources. As discussed below, at this stage of approval, there is clear evidence that the Settlement Agreement is well within the range of reasonableness and approval is warranted.

**1.**     *Standards and Procedures for Approval*

In order for a class to be certified, all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b). *Amchem Products. Inc. v. Windsor*. 521 U.S. 591 (1997); *McCall v. Drive Fin. Servs.*, L.P., 236 F.R.D. 246,249 (E.D. Pa. 2006). Rule 23

must be liberally interpreted and read in favor of allowing a class action. *See Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3d Cir. 1985); *Lake v. First Nationwide Bank*, 156 F.R.D. 615, 626 (E.D. Pa. 1994) (consumer class action).

Congress expressly recognized the propriety of a class action under the FDCPA in 15 U.S.C. §§ 1692k(a) and (b) for FDCPA class action cases. *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004). Challenges to the legality of collection notices have been certified. See *Parks v. Portnoff Law Assocs.*, 210 F.R.D. 146, 152 (E.D. Pa. 2002); *Carr v. Trans Union Corp.*, 94-0022,1995 U.S. Dist. LEXIS 567 (E.D. Pa. Jan. 12, 1995) (FDCPA class certified regarding defendant's transmission of misleading collection notices to consumers); *Labbate-D'Alauro v. GC Servs. Ltd. P'ship*, 168 F.R.D. 451 (E.D. N.Y. 1996)(same).

### 2.    *The Settlement is Fair, Adequate, and Reasonable*

In this case, the Settlement Agreement meets those prerequisites. The Agreement was reached as a result of good faith negotiations conducted by counsel experienced in class actions and the Fair Debt Collection Practices Act. The parties exchanged drafts of the final Settlement Agreement. Plaintiff's counsel required that Defendants provide informal confirmatory discovery as to Defendants' net worth and as to number of class members.

Damages under the FDCPA are limited in cases brought as class actions and cannot exceed the lesser of $500,000 or 1 per cent of the net worth of the debt collector. 15 U.S.C. § 1692k(a)(2)(B). According to the Defendants' records, there are more than one hundred thousand Settlement Class members. Defendants have represented that 1% of their net worth is approximately $50,000 (2010 net worth of approximately $5,000,000.00) – the maximum that could be obtained under the FDCPA. Thus, a maximum recovery would yield less than $.50 per class member. However, the 1% is the cap or most that can awarded and the court is free to

5

award less than the full 1% if Plaintiffs were successful which could yield an even less than $.50 per class member share. Thus, the parties negotiated a settlement under Fed. R. Civ. P. 23(b)(2), not Fed. R. Civ. P. 23(b)(3).  Settlement Class members will receive the benefit of injunctive relief and there will be a Cy Pres distribution, but they will not be barred from bringing future actions for damages under the FDCPA.  If Plaintiff were to reject the settlement reached in favor of continued litigation, then the most that could be obtained on behalf of the class would be less than $.50 dollar per person. However, risks are inherent in any litigation.  It is possible that a fact-finder would not rule in favor of Plaintiff or that the Court could award less than the maximum 1% of Defendant's net worth under the FDCPA.

In addition, the FDCPA only provides for a one year statute of limitations in which a party may bring claims against a debt collector. 15 U.S.C. § 1692k(d).  This matter was filed on July 16, 2010.  Thus, if Plaintiffs in this matter are unsuccessful in their attempts at certifying this matter as a class action, most of the potential settlement class members will be barred from bringing any subsequent actions against the Defendant.

Plaintiff's counsel, who is experienced in class actions and cases involving the FDCPA believe that the settlement is fair, adequate, and reasonable.  (See Declaration of Joseph K. Jones, Esq., at ¶ 12).  The professional opinion of counsel involved in the litigation is entitled to "significant weight" in considering the fairness of a class action settlement.  *Fisher Brothers v. Phelps Dodge Indus., Inc.*, 604 F. Supp. 446, 452 (E.D. Pa. 1985).

Continuing litigation instead of settling would take significantly more time and be expensive and burdensome, factors to be considered in evaluating a class action settlement.  *Lake First Nat'l Bank*, 900 F. Supp. 726, 732 (E.D. Pa 1995); s*ee also Weiss v. Mercedes-Benz of N. Am. Inc.*, 899 F. Supp. 1297, 1300-1301 (D.N.J. 1995) (burden on crowded court dockets to be

considered).

Based on the size of the Settlement Class and the maximum class recovery of statutory damages permitted by law, payment to each Settlement Class Member of his or her *pro rata* share of statutory damages would be *de minimis* and, therefore, impractical.

**B.    Initial Settlement Class Certification Is Warranted**

"In certifying a class for settlement purposes, the Court must abide by the ordinary Rule 23 requirements...."  *In re the Prudential Ins. Co. of Am.*, 962 F.Supp. 450, 508 (D.N.J.1997). Rule 23(a) and (b) of the Federal Rules of Civil Procedure sets forth the requirements for the certification of a settlement class. It is within the Court's discretion to determine whether the requirements of Rule 23 have been satisfied.  *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 299 (3d Cir.1998).

**1.    *The Elements of Rule 23(a) Are Satisfied***

In order for a lawsuit to be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, a named Plaintiff must establish each of the four threshold requirements of subsection (a) of the Rule, which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). *See*, *e.g.*, *Barnes v. Am. Tobacco Co.*, 161 F.3d 127 (3d Cir. 1998); *Prudential II*, 148 F.3d at 308-09.  Here, all four elements are easily satisfied.

**i.    Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Plaintiff is not required to come before the Court and detail, to the person, the

exact size of the class or to demonstrate that joinder of all class members is impossible. "Impracticability does not mean impossibility." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 73 (D.N.J. 1993) ("precise enumeration of the members of a class is not necessary."); *Zinberg v. Washington Bancorp, Inc.*, 138 F.R.D. 397, 405 (D.N.J. 1990) ("It is proper for the court to accept common sense assumptions in order to support a finding of numerosity."). Courts generally treat a proposed class of at least forty (40) members as meeting the numerosity requirement of Rule 23(a)(1). *See, e.g.*, *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001) ("generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met"); *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (numerosity is presumed at level of forty class members).

According to Defendant's records, there are more than one hundred thousand Settlement Class members in this matter thus satisfying the numerosity requirement.

### ii.        Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." The commonality requirement is met if the plaintiffs' grievances share a common question of law or of fact. *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994). Rather than requiring that all questions of law or fact be common, Rule 23 only requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

Plaintiff is not required to show that all Class members' claims are identical to each other, as long as there are common questions at the heart of the case; "factual differences among the claims of the putative class members do not defeat certification." *Baby Neal*, 43 F .3d at 56;

*Prudential II*, 148 F.3d 283. Indeed, a single common question is sufficient to satisfy the requirements of Rule 23(a)(2). *See* Herbert Newberg & Alba Conte, *Newberg on Class Actions*, § 3.10, at 3-50 (3d Ed. 1992); *accord Baby Neal*, 43 F.3d at 56.

Certification is appropriate where the class claims arise "from a common nucleus of operative fact regardless of whether the underlying facts fluctuate over the class period and vary as to individual claimants." *In re Asbestos Sch. Litig.*, 104 F.R.D. 422, 429 (E.D. Pa. 1984). "Common nuclei of fact are typically manifest where…defendants have engaged in standardized conduct towards members of the proposed class by mailing them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (A class action involving the FDCPA). In the present case, the class claims are based on the same form of debt collection letters, notices and complaints that Defendant sent to Plaintiffs and the other members of the Settlement Class. Thus, identical questions of fact and law apply to the Plaintiffs and each member of the Settlement Class.

### iii.    Typicality

Rule 23(a)(3) requires that a representative plaintiff's claims be "typical" of those of other class members. The commonality and typicality requirements of Rule 23(a) "tend to merge" *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n.l3 (1982).  The requirement of this subdivision of the rule, along with the adequacy of representation requirement set forth in subsection (a)(4), is designed to assure that the interests of unnamed class members will be protected adequately by the named class representative.  *Prudential II*, 148 F.3d at 311; *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434 (3d Cir. 1977); *Asbestos Sch. Litig.*, 104 F.R.D. at 429-30.

The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Marisol A. v. Giuliani*, 126 F.3d 372 (2d Cir.1997). "Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and it is based on the same legal theory." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 923 (3d Cir. 1992).

In other words, typicality is demonstrated where a plaintiff can "show that two issues of law or fact he or she shares in common with the class occupy the same degree of centrality to his or her claims as to those of unnamed class members." *Weiss v. York Hosp.*, 745 F.2d 786, 809-10 (3d Cir. 1984).

The requirement is met here as the claims of Plaintiffs and the Settlement Class all arise from the same form of initial debt collection letter, notices and complaints that Defendant sent to Plaintiffs and the other members of the Settlement Class.

### iv.    Adequacy

The final requirement of Rule 23(a) is set forth in subsection (a)(4), which requires that "the representative parties will fairly and adequately protect the interests of the class." The Third Circuit consistently has ruled that the measure of adequate representation is dependent upon two factors, that: (a) the plaintiffs' attorney must be qualified, experienced and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. *Weiss*, 745 F.2d at 811 (*quoting Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d at 247); *see also* Prudential II, 148 F.3d at 312. These two components are designed to ensure that absentee class members' interests are fully pursued. The existence of the elements of adequate representation is presumed in the absence of evidence to the contrary. *Asbestos Sch. Litig.*, 104

F.RD. at 430 (*citing Lewis v. Curtis*, 671 F.2d 779 (3d Cir. 1982)); *Cook v. Rockwell Int'l Corp.*, 151 F.RD. 378, 386 (D. Colo. 1993).

Adequacy is easily met here. Plaintiffs are suitable as a class representative because they have no interests that are antagonistic to the class and have fully demonstrated her allegiance to this litigation through their efforts and continued prosecution. Plaintiffs' attorney, proposed Class Counsel, has significant experience litigating consumer class actions and in matters involving the Fair Debt Collection Practices Act.   Proposed class counsel has summarized his experience litigating class actions and matters involving the FDCPA.  (See Declaration of Joseph K. Jones, Esq. at ¶ 6).

### 2.    *The Settlement Class Satisfies Rule 23(b)(2)*

"In addition to satisfying the requirements of Rule 23(a), parties seeking class certification must establish the class is maintainable under one of the categories of Rule 23(b). *Beck v. Maximus, Inc.,* 457 F.3d 291, 301 (3d Cir. 2006), citing *In re Warfarin Sodium Antitrust Litigation,* 391 F.3d 516, 527 (3d Cir. 2004).  The Parties seek certification of a class under Rule 23(b)(2) for settlement purposes only. The requirements for certifying a settlement class under (b)(2) are lessened compared to a litigation class. Since a settlement class would eliminate the need for a trial, the Court "need not inquire whether the case, if tried, would present intractable management problems."  *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).    As explained below, the requested preliminary certification should be granted.

### i. The Class Should Be Certified Per Rule 23(b)(2)

A class may be certified under Rule 23(b )(2) when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole[.]"

Fed. R. Civ. P. 23(b )(2). "In other words, a class will be certified [per Rule 23(b)(2)] if 'broad, class-wide injunctive or declaratory relief is necessary to redress a group-wide injury.'" *LaFlamme v. Carpenters Local,* 212 F.R.D. 448, 456 (N.D. N.Y. 2003); *see also Thomas v. Baca,* 231 F.R.D. 397,403 (C.D. Cal. 2005).

The Court should preliminarily certify the proposed class under Rule 23(b)(2) for several reasons. First, the Plaintiffs seek injunctive relief in their complaints. Second, the agreed-upon injunctive relief, *i.e.,* the change in Defendant's practice relating to the request for attorney's fees, will redress an alleged group-wide injury.

Third, several courts have certified Rule 23(b)(2) classes in FDCPA cases. *See, e.g., Hunt v. Check Recovery Systems, Inc.,* 241 F.R.D. 505 (N.D. Cal. 2007); *Gonzales v. Arrow Financial Services,* LLC, 233 F.R.D. 577 (S.D. Cal. 2006); *Tyrell v. Robert Kaye & Associates, P.A.,* 223 F.R.D. 686 (S.D. Fla. 2004); *Evans v. American Credit Systems, Inc.,* 222 F.R.D. 388 (D. Neb. 2004); *Swanson v. Mid Am, Inc.,* 186 F.R.D. 665, 669 (M.D. Fla. 1999) ("[T]he Court finds the proposed class is certifiable pursuant to Fed. R. Civ. P. 23(b)(2)."); *Ballard v. Equifax Check Services, Inc.,* 186 F.R.D. 589 (E.D. Cal. 1999); *Borcherding-Dittloff v. Transworld Systems, Inc.,* 185 F.R.D. 558 (W.D. Wis. 1999); *Young v. Meyer & Njus, P.A.,* 183 F.R.D. 231, 234 (N.D. Ill. 1998) ("[J]udges in this district have certified Rule 23(b)(2) FDCPA class actions where appropriate and have not precluded such actions as a matter of law[.]"); *Gammon v. GC Services Ltd. Partnership,* 162 F.R.D. 313 (N.D. Ill. 1995). These courts have certified Rule 23(b)(2) classes in FDCP A cases, even though the class members were not provided notice or an opportunity to opt-out, and could have recovered more in an individual lawsuit. *See, e.g., Gammon,* 162 F.R.D. at 321-22 ("As stated above, Rule 23(b)(2) is a no-notice, non optout provision. . . . We see no reason to decline to certify the class in the instant case merely because

of the defendant's mere speculation that some class members might prefer to bring individual actions for statutory damages. The Court is mindful of the practical reality that few individuals will pursue the filing of a federal lawsuit, with its attendant costs, when their statutory damage recovery is capped at $1,000. Class certification is not barred simply because some class members may recover lesser statutory damages than they would have had they brought their claims individually.").

While the court in *Weiss v. Regal Collections* held that injunctive relief is not available in a private action under the FDCPA, it is important to note that the Defendant in Weiss did not agree to such relief and instead filed a motion to dismiss that relief.  385 F.3d 337 (3rd Cir. 2004). Despite the holding in Weiss, other courts within the Third Circuit have approved FDCPA based class action settlements seeking injunctive relief under Rule 23(b)(2).   In 2006, the court in *Seawell v. Universal Fid. Corp.* certified a national class action brought under the FDCPA for injunctive relief and damages.  235 F.R.D. 64 (E.D. Pa. 2006).  In July 2009, the Honorable Joseph H. Rodriguez, U.S.D.J. granted final approval of a class action settlement under the FDPCA seeking injunctive relief.  See *Smith v. Lyons, Doughty, & Veldhuius, P.C.*, 1:07-cv-05139-JHR-KMW Document 32 Filed 07/15/09.   In addition, the Honorable Madeline Cox Arleo, U.S.M.J. granted final approval of an injunctive relief class action settlement under the FDCPA in September 2009.  See *Meekins v. NCO Financial Systems, Inc.*, 2:08-cv-01936-MCA Document 30 Filed 09/30/2009 and *Smith v. Heritage Financial Recovery Services*, 2:10-cv-03922 -MCA in November 2011.

Other district courts have permitted injunctive relief class action settlements in FDCPA matters under the Declaratory Judgment Act.  See 28 U.S.C. §§ 2201, 2202.  "The Declaratory Judgment Act, 28 U.S.C. § 2201(a) permits the court to enter declaratory judgment

notwithstanding the absence of corresponding injunctive relief." *Ballard v. Equifax Check Servs.*, 27 F. Supp. 1201 (E.D. Cal. 1998).

### 3.       *The Proposed Settlement Is Fundamentally Fair, Reasonable, and Adequate*

"Unlike the settlement of most private civil actions, class actions may be settled only with the approval of the district court." *Officers for Justice v. Civil Service Com 'n of City and County of San Francisco,* 688 F.2d 615, 623 (9th Cir. 1982). "The court may approve a settlement . . . that would bind class members only after a hearing and on finding that the settlement ... is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). The Third Circuit requires district courts to weigh and analyze the *Girsh* factors when they are making a fairness determination. *See Girsh v. Jepson,* 521 F.2d 153, 157 (3d Cir. 1975). The factors are: the complexity, expense, and likely duration of litigation; the stage of the proceedings and the amount of discovery completed; the risks of establishing liability; the risks of establishing damages; the ability of the defendants to withstand a greater judgment; the range of reasonableness of the settlement fund in light of the best possible recovery; the range of reasonableness of the settlement fund in light of all the attendant risks of litigation; and the reaction of the class to the settlement. *Id.*

While it is too early to address the last factor, *i.e.,* the reaction of the New Jersey Class Members to the proposed settlement, application of the other relevant factors confirms that the proposed settlement should be preliminarily approved.

### i.       *The Complexity. Expense, and Likely Duration of Litigation*

The Defendant has raised numerous defenses to the class claims. The Defendant believes that its defenses have merit and would defeat the claims of the putative class. However, settlement eliminates any further risk and expense for the Parties. Considering the potential risks and expenses associated with continued prosecution of the Class Action, the possibility of

appeals, the certainty of delay, and the ultimate uncertainty of recovery through continued litigation, the proposed settlement is fair, reasonable, and adequate.

### ii.      The Stage of the Proceedings and Amount of Discovery Completed

Plaintiffs' counsel has conducted some formal and informal discovery. Considering that the disputed issues between the Parties are legal, *not* factual, in nature, and that the Parties have exchanged information and documents concerning the Plaintiffs' allegations, the Parties believe that they have exchanged sufficient information to make an informed decision about settlement. *See Linney v. Cellular Alaska Partnership,* 151 F.3d 1234, 1239 (9th Cir. 1998).

### iii.     The Risks of Establishing Liability and Damages

To prevail at trial and establish a right to damages under the FDCPA, plaintiffs will have to prove that the Defendant was not entitled by law or contract to engage in the complained of conduct. Considering the evidence adduced in discovery, there is a reasonable risk that a fact-finder could determine that Defendants conduct did not violate the FDCPA.

### iv.      The Risks of Maintaining the Class Action Through Trial

There is always some risk of maintaining a class action through trial.  That risk is present here.  It is possible that the matter would not be certified as a class action should the settlement not be approved.  There is also a risk that the fact-finder might not ultimately agree with Plaintiffs and find that the Defendant did not violate the FDCPA.  Further, as the ultimate recovery is capped at a maximum of 1% of the Defendant's net worth, the maximum recovery may result in a *de minimis pro rata share to each class member* causing the court to deny class certification for failing to meet the *superiority* prong.

*v.*      ***The Range of Reasonableness of the Settlement in Light of the Best Possible***
***Recovery and in Light of All Attendant Risks of Litigation***

The proposed settlement provides for an injunction wherein the Defendant has agreed to cease the alleged violative conduct. Considering the uncertainties of trial, the difficulty in proving liability against the Defendant, and perhaps most importantly the limited release of claims, the proposed settlement is clearly fair, reasonable, and adequate.

*vi.*      ***Class Action Notices Are Not Required/Exclusions Are Not Permitted***

Notice to class members is not required in a Rule 23(b)(2) class action. *See, e.g., Ives v. W. T. Grant Co.,* 522 F.2d 749, 764 (2d Cir. 1975) ("[N]otice is not required in a Fed. R. Civ. P. 23(b)(2) 'injunctive relief class action[.]"); *DeMarco v. National Collector's Mint, Inc.,* 229 F.R.D. 73, 81 (S.D. N.Y. 2005) ("If the class is certified under Rule 23(b)(2), however, no notice will be required at this time."); *LaFlamme,* 212 F.R.D. at 458 ("While the Supreme Court has held that individual notice is mandatory under Rule 23(c)(2) for all class actions certified under Rule 23(b)(3), such holding has not yet been extended to require even general notice to absent class members in class actions certified under Rule 23(b)(2).") (citation omitted); *German v. Federal Home Loan Mortg. Corp.,* 168 F.R.D. 145, 160 (S.D. N.Y. 1996) ("[T]he plain language of Rule 23(c)(2) limits the notice requirement to (b)(3) class actions, and, ... the Second Circuit has not gone beyond that language to require notice in (b)(2) class actions.").

Indeed, the Advisory Committee Notes ("ACN") cautioned that the court's authority to direct notice to class members in a (b)(1) and (b)(2) action "should be exercised with care" and that there may be less need for notice because there is no right to request exclusion from the class.  See Fed. R. Civ. P. 23 advisory committee's notes (2003 amendments).  The ACN further

state that "[t]he characteristics of the class may reduce the need for formal notice.  The cost of providing notice, moreover, could easily cripple actions that do not seek damages."

In this matter, there are over a hundred thousand putative class members.  Providing direct notice to each of them would prove to be a costly endeavor far exceeding the potential maximum recovery available to the class members.   Based on the experience of counsel in this matter, a class action administrator would charge in the range of $1.00 to $1.50 per putative class member to process the direct mail notices. This would cost Defendant over $100,000 to provide notices in a matter where its maximum exposure to the class is capped at 1% (approximately $50,000) and the pro rata share to each class member would be no higher than $.50.  As the putative class members are not releasing their claims and are still free to pursue those individual claims against Defendant under the proposed class action (b)(2) settlement, notice should not be required.  Further, as the cost of providing notice to the settlement class members far exceeds any potential award under the FDCPA, it would prove to be fatal to resolving this matter at this time should Defendant have to be responsible for those additional costs.

Further, class members do not have the right to exclude themselves in a Rule 23(b)(2) class. *See* 7AA, C. Wright, A. Miller, and M. Kane, Federal Practice & Procedure,§ 1786 ("[C]lass members in Rule 23(b)(l) and Rule 23(b)(2) actions are *not* provided an opportunity *by the rule* to exclude themselves from the action as is true in Rule 23(b)(3) actions.") (gathering authorities) (emphasis added); *Plummer v. Chemical Bank,* 668 F.2d 654, 657 n. 2 (2d Cir. 1982) ("[T]he tenor of the opinions in this Circuit has been that opting-out is permissible only in Rule 23(b)(3) cases."); *LaFlamme,* 212 F.R.D. at 459 ("As a general ru1e, class actions certified under Rule 23(b)(2) do not require the offering of opt-out rights."); *Powell v. Ward,* 487 F.Supp. 917, 923-24 (S.D. N.Y. 1980) ("There are no opt out provisions for 23(b)(2) class actions[.]"). Indeed,

"a member of a class certified under Rule 23(b )(2) has no absolute right to opt out of the class, even where monetary relief is sought and is made available." *Penson v. Terminal Transport Co., Inc.,* 634 F.2d 989, 994 (5th Cir. 1981) (emphasis added).

## IV.    CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter an Order (1) certifying a class for the purposes of settlement pursuant to Rule 23(b)(2) and appointing Plaintiffs as Class Representatives and her counsel as Class Counsel; (2) preliminarily approving the proposed settlement; and (3) scheduling a final fairness hearing for the purpose of determining final approval of the parties' settlement.

LAW OFFICES OF JOSEPH K. JONES, LLC

By:    */s/ Joseph K. Jones*
Joseph K. Jones, Esquire
375 Passaic Avenue, Suite 100
Fairfield, NJ  07004
(v) 973-227-5900; (f) 973-244-0019
jkj@legaljones.com
Attorneys for Plaintiffs

and

PRESSLER AND PRESSLER, LLP

By:   */s/ Mitchell L. Williamson*
Mitchell L. Williamson, Esq.
7 Entin Road
Parsippany, NJ 07054
Telephone:      (973) 753-5100
Facsimile:      (973) 753-5353
Email:  mwilliamson@pressler-pressler.com
Attorneys for Defendant

Dated: November 30, 2012

Exhibit

A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Lori DeFazio and Carol Grubb, on behalf of themselves and all others similarly situated, | * * * | |
| Plaintiff(s), | * * | CIVIL CASE NO. |
| v. | * * | NO. 2:10-cv-03602 |
| Pressler & Pressler, L.L.P.; and Midland Funding, LLC; and John Does 1-25, | * * * | |
| Defendant(s). | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (hereinafter referred to as the "Agreement") is entered into between Lori DeFazio and Carol Grubb (hereinafter collectively referred to as "Plaintiffs"), individually and on behalf of the "New Jersey Class Members" (as defined herein), and defendant, Pressler & Pressler, L.L.P. (hereinafter referred to as "P&P" or "Defendant"). Defendant Midland Funding, LLC is no longer a party to this matter and is not participating in the Agreement. Plaintiffs and P&P may be referred to herein collectively as the "Parties".

WITNESSETH:

WHEREAS, on July 16, 2010, Plaintiffs Lori DeFazio and Carol Grubb filed a class action complaint in the above numbered and captioned matter (hereinafter sometimes referred to as the "Lawsuit") asserting class claims against P&P and Midland

Funding, LLC arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*;

WHEREAS, Plaintiffs made certain allegations in the Lawsuit regarding alleged FDCPA violations stemming from letters, notices and complaints received by the Plaintiffs;

WHEREAS, the Defendants denied all liability alleged in the Lawsuit;

WHEREAS Defendant Midland Funding, LLC was dismissed from the Lawsuit on or about February 9, 2011;

WHEREAS, the Parties wish to avoid the expense and uncertainty of litigation;

WHEREAS, the Parties believe that settlement by way of this Agreement is in their best interests;

WHEREAS, counsel for the Plaintiffs has evaluated the claims to determine how best to serve the interests of the Plaintiffs and the New Jersey Class Members;

WHEREAS, counsel for the Plaintiffs believes, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement to the Plaintiffs and the New Jersey Class Members, that the class settlement as provided in this Agreement is in the best interest of the Plaintiffs and the New Jersey Class Members and is a fair, reasonable, and adequate resolution of the Lawsuit and the claims that were and could have been asserted therein;

WHEREAS, prior to entering into this Agreement, counsel for the Parties engaged in informal discovery and extensive arms-length settlement negotiations;

WHEREAS, the Parties desire and intend to seek court approval of the settlement of the Lawsuit as set forth in this Agreement and, upon court approval, to seek a Final Order and Judgment from the Court dismissing this matter with prejudice as set forth herein;

WHEREAS, as detailed in this Agreement, the Parties specifically recognize with the proposed Fed R. Civ. P. 23(b)(2) injunction agreed to herein that no rights for any alleged damages for any New Jersey Class Member per the FDCPA, or any other law, have been waived and that the New Jersey Class Members are only giving up their rights to file, maintain, or participate in any way in any class action or similar type of joinder against P&P for any of the claims that were asserted or that could have been asserted in this Lawsuit, including but not limited to claims asserted or which could have been asserted regarding letters and complaints sent to New Jersey Class Members, similar to ones received by Plaintiffs and attached hereto as Exhibit A and claims related to the entitlement, reasonableness, propriety, calculation or authorization for P&P's request, demand, or claim for attorney's fees, whether said request, demand, or claim for attorney's fees was made in a letter or pleading such as but not limited to a complaint;

WHEREAS, the Parties and their counsel agree to recommend approval of this Agreement to the Court; and

WHEREAS, the Parties agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, and to oppose any appeals from any orders of final approval.

WHEREFORE, in consideration of the promises, representations, and warranties set forth, the Parties stipulate and agree:

1.      DEFINITIONS – The following definitions shall apply to this Agreement:

A.     "Effective Date" shall mean the next calendar day after "Final Judgment Day" (as defined below).

B.     "Final Judgment Day" shall mean the day upon which the Final Order and Judgment becomes "Final" (as described herein).  The Final Order and Judgment shall become "Final" upon the expiration of any available appeal period following entry of the Final Order and Judgment if any objections are timely filed as set forth herein, or on the day the Final Order and Judgment is filed if no objections are timely filed as set forth herein.  If any appeal is filed from the Final Order and Judgment, then Final Judgment Day shall be the first date after the conclusion of all appeals, so long as the Final Order and Judgment is not reversed or vacated.

C.     "Plaintiffs" shall mean Lori DeFazio and Carol Grubb.

D.     "Parties" shall mean Lori DeFazio and Carol Grubb and Pressler and Pressler, LLP (P&P).

E.     "New Jersey Class Members" shall mean all natural persons residing in the State of New Jersey who were sent a collection letter, notice or complaint containing one or more Class Claims (as defined below) between July 17, 2009, and the day the Order of Preliminary Approval of Class Action Settlement is entered.  There are hundreds of thousands of such  persons

who are New Jersey Class Members.  Excluded from the New Jersey Class are:

> (i) Any person specifically identified by name in any lawsuit, arbitration or other similar action, brought or filed against P&P by said identified person whether as a complaint, counterclaim, third party complaint or other pleading, which has been filed and is pending up to and through the day that Preliminary Approval of the Class Action Settlement is entered.

F.  "Class Claims" shall mean any claims that were asserted or that could have been asserted in this Lawsuit, including but not limited to claims asserted or which could have been asserted regarding letters, notices and complaints sent to New Jersey Class Members, similar to ones received by Plaintiffs and attached hereto as Exhibit A and claims related to the entitlement, reasonableness, propriety, calculation or authorization for P&P's request, demand, or claim for attorney's fees, whether said request, demand, or claim for attorney's fees was made in a letter or pleading such as but not limited to a complaint.  Class Claims do not include the claims alleged in the Class Action       Complaint as Count IV, as violations of 15 U.S.C. 1692§c(a)(2).

G. "Released Claims" shall mean all Class Claims and any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises,

liabilities, damages, losses, controversies, costs, expenses, and attorney's fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), which Plaintiffs had, have, or will have, either individually, or as a member of a class relating to the conduct alleged in the Lawsuit, including, but not limited to:

    i. Claims arising out of any of the facts, events, occurrences, acts or omissions mentioned or referred to in the complaint filed in the Lawsuit, or other matters that were alleged, embraced, or otherwise referred to in the Lawsuit, or which could have been brought against the "Released Party" (as defined below); and

    ii. Claims arising out of the prosecution or defense of the Lawsuit, including, but not limited to, claims related to the execution of this Agreement, such as claims of fraud in the inducement, negligent misrepresentation, or fraud, except that nothing herein releases any claim arising out of the violation or breach of this Agreement.

H. "Released Parties" shall mean P&P and each of its past, present, and future directors, officers, employees, partners, principals, clients, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions,

clients, joint ventures, and any entities directly or indirectly involved in the Lawsuit.

2.   <u>CLASS CERTIFICATION</u> – Concurrent with seeking preliminary approval of the settlement, counsel for the Parties shall jointly seek certification, per Fed. R. Civ. P. 23(b)(2), of a New Jersey class as described herein.

3.   <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENTS</u> – For settlement purposes, and subject to Court approval, Plaintiffs are jointly appointed as the Class Representatives for the New Jersey Class Members, and Joseph K. Jones (Law Offices of Joseph K. Jones, LLC) is appointed as counsel for the New Jersey Class Members (hereinafter referred to as "Class Counsel").

4.   <u>ORDER OF PRELIMINARY APPROVAL</u> – Within 10 days after this Agreement is fully executed, counsel for the Parties shall jointly request that the Court enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as Exhibit B.

5.   <u>FINAL ORDER AND JUDGMENT</u> – If the Court preliminarily approves the settlement, and all other conditions precedent to the settlement are satisfied, counsel for the Parties shall then jointly request that the Court enter a Final Order and Judgment in substantially the form attached as Exhibit C.

6.   Upon entry of the Final Order and Judgment, the Parties expressly waive all rights to appeal any orders issued by the Court in connection with the Lawsuit.

7.   Plaintiffs and Class Counsel agree that the execution of this Agreement and related documents, the certification of the New Jersey class, and any other act taken or

court paper filed in furtherance of this Agreement shall not be used to urge that a "litigation class" pursuant to Fed. R. Civ. P. 23 is appropriate.  In the event this settlement is not approved, Defendant retains all rights to object to the maintenance of this Lawsuit, or any other action, as a class action and to contest this Lawsuit, or any other action, on any other grounds.

8.     ADMINISTRATION AND NOTIFICATION PROCESS – P&P, at its sole cost and expense, shall administer or oversee the administration of the settlement including all the notice requirements of the Class Action Fairness Act (CAFA). Considering that the Parties propose certification of a Fed. R. Civ. P. 23(b)(2) settlement class, notice to the New Jersey Class Members is unnecessary.

9.     REQUESTS FOR EXCLUSION AND OBJECTIONS – In compliance with Fed. R. Civ. P. 23(b)(2), the New Jersey Class Members will not be permitted to exclude themselves from the class.

10.    In the written objection, the New Jersey Class Member must set forth his or her full name, address, and telephone number, along with a statement of the reasons for his or her objection and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.

11.    Any New Jersey Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise.

12.    When responding to any inquiry from a New Jersey Class Member, the Parties and their counsel will confirm that they believe the settlement is fair and reasonable.

13.     Subject to approval by the Court, a fairness hearing will be conducted regarding the settlement no sooner than 95 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement.

14.     <u>THE EFFECTIVE DATE</u> – As defined in ¶ 1(A), the "Effective Date" shall be the next calendar day after Final Judgment Day.

15.     As of the Effective Date, Plaintiffs fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims, and are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever.   Neither this Agreement, nor the settlement set forth herein, is intended to settle or release any of the New Jersey Class Members' individual claims for money damages.  However, New Jersey Class Members will only have the right to file a separate, individual action limited to money damages which relate to the Class Claims or Released Claims but not the right to file, join or participate in any form of joinder or a class action pursuant to Fed. R. Civ. P. 23 or any related state law against any of the Released Parties.  Further, this Agreement is not intended to create any new rights, or expand any existing rights, that any New Jersey Class Member may have against any Released Party under any state or federal law.  For example, this Agreement does not restart, extend, stay, expand or in any way increase the statute of limitations for any claim that any New Jersey Class Member may have against any Released Party under any state or federal law.

16.   Upon execution of this Agreement, Plaintiffs fully, finally, and forever settle, release, and discharge the Released Party from any and all claims that they may have against the Released Party, including, but not limited to, the Released Claims and any other claims that were asserted in the Lawsuit.  This release includes the release of any claims asserted in the Lawsuit for money damages or injunctive relief.

17.   <u>SETTLEMENT CONSIDERATION</u> – In consideration for the foregoing releases, the Parties agree to the following:

A.  <u>Stipulated Injunction</u> – When seeking entry of the Final Order and Judgment, the Parties will jointly request that the Stipulation and Order for Injunction (hereinafter referred to as the "Stipulated Injunction"), attached as Exhibit D, be entered by the Court.  Within 30 days of the execution of this Agreement by all Parties, P&P will implement practices to refrain from seeking attorney's fees in letters, notices or complaints from any New Jersey consumers (as defined by the FDCPA) absent a change in the law, contractual language, statutory authority or other authority allowing for same. These practices will not create any substantive right for any such New Jersey consumer, nor will P&P have any affirmative notice obligations regarding these practices.  Pursuant to the Stipulated Injunction, P&P will ensure that any future letters and notices sent to such New Jersey consumers or complaints filed against them will contain requests for attorney's fees only if there is contractual, statutory or other authority for

requesting same.  Within 30 days of the implementation of said practices, P&P will submit an affidavit from a P&P representative confirming that P&P has complied with its obligations in this Agreement at ¶ 18(A).

B. <u>Class Representative Fees</u> – Within 10 days of the Effective Date, P&P shall pay each Plaintiff the sum of $2,000 in recognition of their services as the Class Representatives and in full settlement of their FDCPA claims against the Released Party.

C. <u>Cy Pres Donation</u> – Defendant shall make a cy pres payment in the total amount of $35,000.  From this amount, $25,000 shall be provided to Deirdre's House in Morristown, New Jersey which provides services to child victims of abuse and/or neglect and for children that have witnessed domestic violence.  The cy pres awards shall be issued by P&P, who shall deliver same to each recipient within 10 days of the Effective Date.

18. <u>COVENANT NOT TO SUE</u> – Plaintiffs agree and covenant not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred and enjoined from doing so, in any court of law or equity, or any other forum.  Notwithstanding the foregoing, the New Jersey Class Members will have the right as set forth above to file only a separate, individual action against the Released Party.

19. <u>TERMINATION</u> – After completing a good faith negotiation, Class Counsel and P&P shall each have the right to terminate this Agreement by providing written notice to the other within 7 days of:

    A. The Court's refusal to enter the Order of Preliminary Approval of Class Action Settlement in substantially the form attached as Exhibit B;

    B. The Court's refusal to approve the settlement following the fairness hearing;

    C. The Court's refusal to enter the Final Order and Judgment in substantially the form attached as Exhibit C.

20.    If either Class Counsel or P&P terminates this Agreement as provided herein, this Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed.

21.    <u>ATTORNEY'S FEES, COSTS, AND EXPENSES</u> – Subject to Court approval, Class Counsel's fees and costs shall be paid by P&P in the amount of $35,000, which payment includes costs and expenses, time already spent and time to be spent including finalizing the Settlement, preparing settlement documents, drafting briefs, attending hearings, responding to and defending against any objections to the settlement and monitoring of the settlement and settlement administration.  The fees are the sole property of Class Counsel, not plaintiffs or the Class.

The Parties agree that the amount of the attorney's fee and cost award is not part of the substantive terms of this Settlement and will not be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.

In no event shall Defendant pay more than $35,000 in attorney's fees and costs to Class Counsel, regardless of the amount determined by the Court to be reasonable, nor shall an award of less than that amount be grounds for cancellation of or withdrawal from this settlement.  However, Defendant will not oppose any request by Class Counsel for an award of attorney's fees and costs which does not exceed $35,000.

22.   P&P or their insurers shall pay the attorneys' fees, costs, and expenses awarded by the Court within 15 days after the Court's order related to such fees, costs, and expenses becomes final (non-appealable). The Court's order becomes final on the day after the date upon which any appeal may be filed is not filed, on the day when all appeals have been exhausted or on the day that class counsel and P&P state in writing that they will not appeal the award of attorneys' fees, costs, and expenses. Upon payment of attorneys' fees, costs, and expenses to Class Counsel, neither P&P nor their insurers shall have any further obligation, except as set forth herein, with respect to Class Counsel's fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiffs or any New Jersey Class Member limited to fees, costs or expenses incurred in this matter.  This provision shall have no impact whatsoever on any Settlement Class Member in the event that any such member chooses to bring his or her own separate, individual action against P&P.

23.   The Parties and their counsel represent and agree that the consideration to be provided to the New Jersey Class Members is not contingent on the attorneys'

fees to be awarded.  The procedure for and the allowance or disallowance by the Court of any application by  any Class Counsel member or other attorney for attorneys' fees, costs, or expenses, including the fees of experts and consultants, to be paid by P&P or their insurers, are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceedings relating to the fee, cost, and expense application, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Order and Judgment approving this Agreement and the settlement of the Lawsuit.

24.   PUBLICITY – The Parties agree that they will not discuss the facts of the Lawsuit or terms of this Agreement with any media source, unless by Order of the Court.   Further, this confidentiality limitation does not apply to any disclosures required by Court Order, or in conjunction with perfecting this settlement.

25.   MISCELLANEOUS PROVISIONS – The exhibits to this Agreement, Exhibits A through D, are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

26.   This Agreement is for settlement purposes only.  The Parties acknowledge that this Agreement is not an admission of wrongdoing, negligence, or liability by P&P.  This Agreement shall not be offered or be admissible against P&P, or

cited or referred to, in any action or proceeding, except in an action or proceeding brought to enforce its terms.

27.   No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

28.   This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties.  The terms of this Agreement are contractual.

29.   This Agreement shall be interpreted in accordance with New Jersey law.

30.   Any dispute, challenge, or question relating to this Agreement that the Plaintiffs or P&P has shall be heard only by this Court.

31.   The Parties shall request that the Court retain continuing and exclusive jurisdiction over the Parties to this Agreement and over the administration and enforcement of this Agreement.

32.   This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

33.   In the event that any of the provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability shall not affect other provisions of this Agreement if P&P and Class Counsel mutually elect in writing to proceed as if the invalid or unenforceable provision had never been included in the Agreement.

34.   This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

35.   This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this 30 day of November 2012.

| | |
|---|---|
| */s/ Joseph K. Jones* | */s/ Mitchell L. Williamson* |
| Joseph K. Jones, Esq. | Mitchell L. Williamson, Esq. |
| LAW OFFICES OF JOSEPH K. JONES, LLC | Pressler and Pressler, LLP |
| 375 Passaic Avenue, Suite 100 | 7 Entin Road |
| Fairfield, NJ  07004 | Parsippany, NJ 07054 |
| Telephone:    (973) 227-5900 | Telephone:(973) 753-5100 |
| Facsimile:    (973) 244-0019 | Facsimile: (973) 753-5353 |
| Email:  jkj@legaljones.com | Email:  mwilliamson@pressler-pressler.com |
| Attorneys for Plaintiffs, Lori DeFazio, | |
| Carol Grubb, and for the New Jersey Class Members | |

Exhibit

A

PRESSLER AND PRESSLER, L.L.P.

COUNSELLORS AT LAW

7 Entin Road
Parsippany, NJ 07054-5020
Off.: (973) 753-5100
Fax: (973) 753-5353

NY Office
105 Broadway
9th Floor
New York, NY 10007
Off: (516)222-7929
Fax: (973)753-5353
Reply to [X] NJ office [ ] NY Office

MAURICE H. PRESSLER(1930-2002)
SHELDON H. PRESSLER
- - - - - - -
GERARD J. FELT
STEVEN P. McCABE
LAWRENCE J. McDERMOTT, JR.
- - - - - - -
MITCHELL L. WILLIAMSON
JAMES D. PADGETT
THOMAS M. BROGAN
RALPH GULKO
JOANNE L. D'AURIZIO
STEVEN P. RAHN

CHRISTOPHER P. ODOGBILI     LORI R. CETANI
DALE L. GELBER             DARYL J. KIPNIS
CRAIG J. STILLER*          THOMAS M. KRICK
CHARLES R. TEMPIO          STEVEN A. LANG
MITCHELL B. ZIPKIN

- - - - - - - - - - - - - - - - - - - - -
* NY State License Only

OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-7pm
Saturday: 9am-2pm

01/27/10

CAROL GRUBB

P&P FILE ████
Amount of Debt   $1,253.35

Dear CAROL GRUBB

This is to notify you that your account with CITIBANK , account # ████████ has
been purchased by MIDLAND FUNDING LLC and has been placed with the firm of Pressler and
Pressler, LLP for collection.

We shall afford you this opportunity to pay this debt immediately and avoid further
action against you. Make your check or money order payable to Pressler and Pressler, LLP and
include your File Number ████ and remit to:

    Pressler and Pressler, LLP 7 Entin Rd. Parsippany, NJ 07054-5020

Payment can be made on the website www.paypressler.com. We also accept Visa/Mastercard and
American Express.  If you choose this payment option return this letter along with:
Name as it appears on Credit Card_____/Street # & Zip_____
Expires _____/_____  Credit Card #_____/Security Code_____
Amount $_____    Signature _____

If you are unable to pay the balance in full and would like to discuss payment
arrangements, please contact us at (888) 312-8600.

At this time, no attorney with this firm has personally reviewed the particular
circumstances of your account.

PLEASE READ THE FOLLOWING PROVIDED TO YOU PURSUANT
TO FEDERAL STATUTE:

This communication is from a debt collector.  This is an attempt to collect a debt.  Any
information obtained will be used for that purpose. Unless you notify this office within 30
days after receipt of this notice that you dispute the validity of the debt, or any portion
thereof, this office will assume this debt is valid. If you notify this office in writing
within 30 days from receipt of this notice that the debt or any portion thereof is disputed,
this office will obtain verification of the debt or obtain a copy of a judgment and mail you a
copy of such judgment or verification. Upon your request in writing, within 30 days after
receiving this notice, this office will provide you with the name and address of the original
creditor, if different from the current creditor.

SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – PAGE 2

| | |
|---|---|
| Demand Amount: | $1,290.60 |
| Filing Fee: | $7.00 |
| Service Fee: | $32.00 |
| Attorney's Fees | $40.81 |
| TOTAL | $1,370.41 |

Plaintiff or Plaintiff's Attorney Information:

Name:
Ralph Guiko

Address:
Pressler & Pressler
7 Entin Road

Parsippany, NJ 07054-502
Telephone No.: (973) 753-5100

Midland Funding Llc

versus

Carol Grubb

**SUPERIOR COURT OF NEW JERSEY**

**LAW DIVISION, SPECIAL CIVIL PART**

MONMOUTH   COUNTY
71 Monument Park
Freehold, NJ 07728-266
(732) 677-4270

Plaintiff(s)

Docket Number: ████ .
(to be provided by the court)

Civil Action

SUMMONS

Defendant(s)

Contract_Reg

Defendant(s) Information: Name, Address & Phone

Carol Grubb   ████████████████

Date Served: **03/16/2010**

RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)

| Docket Number: _____ | Date: _____ | Time: _____ |
|---|---|---|
| WM__ WF__ BM__ BF__ OTHER____ HT__ | WT____ AGE____ MUSTACHE____ BEARD____ GLASSES____ |
| NAME: _____ | RELATIONSHIP:_____ |
| Description of Premises: _____ | _____ |

I hereby certify the above to be true and accurate:

_____ Court Officer

RETURN OF SERVICE IF SERVED BY MAIL (For Court Use Only)

I, Holly Coger, hereby certify that on 03/16/2010, I mailed a copy of the within summons and complaint by regular and certified mail, return receipt requested.

_Holly Coger_

_____ Employee Signature

RECEIVED   3/11/2010 3:34:13 PM

Pressler and Pressler, LLP
7 Entin Rd.
Parsippany, NJ 07054-5020
(973)753-5100
Attorney for Plaintiff
File # ▮▮▮▮▮

---

MIDLAND FUNDING LLC

                                            Plaintiff

vs.

CAROL GRUBB
                    Defendant(s)

SUPERIOR COURT OF NEW JERSEY
            Law Division

MONMOUTH  Special Civil Part

Docket #  **DC**▮▮▮▮▮

          Civil Action
            COMPLAINT
            (Contract)

Plaintiff having a principal place of business at 8875 AERO DRIVE
SUITE 200 SAN DIEGO, CA 92123 says:

1. It is now the owner of the defendant(s) CITIBANK account number
▮▮▮▮▮ which is now in default. There is due the plaintiff
from the defendant(s) CAROL GRUBB the sum of $1,253.35 plus interest
from 04/29/2009 to 03/08/2010 in the amount of $37.25 for a total of
$1,290.60.

WHEREFORE, plaintiff demands judgment for the sum of $1,290.60 plus
accruing interest to the date of judgment plus costs.

I certify that the matter in controversy is not the subject of any
other court action or arbitration proceeding, now pending or
contemplated, and that no other parties should be joined in this
action.

I certify that confidential personal identifiers have been redacted
from documents now submitted to the court, and will be redacted from
all documents submitted in the future in accordance in Rule 1:38-7(b).

                         PRESSLER and PRESSLER, LLP
                         Attorneys for Plaintiff(s)
                         By: S/Ralph Gulko

                         Ralph Gulko

MAURICE H. PRESSLER(1930-2002)
SHELDON H. PRESSLER

GERARD J. FELT
STEVEN P. MCCABE
LAWRENCE J. MCDERMOTT, JR.
--------
MITCHELL L. WILLIAMSON
THOMAS M. BROGAN
RALPH GULKO
JOANNE L. D'AURIZIO
STEVEN P. BANK

*PRESSLER* AND *PRESSLER*, L.L.P.
COUNSELLORS AT LAW
7 Entin Road
Parsippany, NJ 07054-5020
Off: (973) 753-5100
Fax: (973) 753-6353
----------
NY Office
305 Broadway
9th Floor
New York, NY 10007
Off: (516)222-7929
Fax: (973)753-5353
Reply to [X] NJ Office [ ] NY Office

CHRISTOPHER P. ODOGBILI      DARYL J. KIPNIS
DALE L. GELBER               THOMAS M. KRICK
CRAIG S. STILLER*            STEVEN A. LANG
MITCHELL E. ZIPKIN

-------------------------
* NY State License Only

OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-7pm
Saturday: 9am-2pm

ⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱ           03/22/10

CAROL GRUBB

Re: ..MIDLAND FUNDING LLC.v. CAROL GRUBB                    P&P FILE NUMBER: ████
    DOCKET NUMBER: DC-████                                  BALANCE: $1,370.93
    Superior Court of New Jersey: Law Division
    MONMOUTH Special Civil Part
    ACCOUNT NUMBER: ████████

## INCREASE THE VALUE OF YOUR TAX REFUND

Dear  CAROL GRUBB  :

With tax refund time approaching, this is an opportunity to settle your MIDLAND FUNDING LLC
account number  ████████  for less than the full balance. Please take advantage of
this excellent opportunity to use your tax refund to clear up the debt which is owed to our
client.

As you probably know, this office has filed a lawsuit against you seeking a total of
$1,370.93 , which includes costs and other amounts the creditor is seeking. If you can make
a payment of $1,028.20 , 75 % of the balance, by Wednesday, April 07, 2010 , it will be
accepted as payment in full; a savings to you of $342.73 .

This will pay off the debt owed to our client. Proof that the debt has been paid will be
sent to the Court and a copy to you, so that you can advise the credit bureau.

For faster processing, pay by phone using a check, credit card (MasterCard, Visa or
American Express) or debit card with a Visa or MasterCard logo. Payments can also be made
on our website www.paypressler.com, or by Western Union. Please call them at 1-800-325-6000
for the nearest agent and mention code city: ( Pressler, State: NJ).
PLEASE NOTE:
1.  After Wednesday, April 07, 2010 this offer may be null and void. We are not obligated
    to renew this offer.
2.  This offer does not apply to payments or arrangements to pay made prior to this date.
3.  This offer only applies if you pay the full settlement amount of $1,028.20 .
4.  If you are unable to pay the settlement please call this office to discuss other
    options at 1-888-312-8600 Ext. 5106 .

Name as it appears on Credit Card_____/Street # & Zip_____
Expires ____/____  Credit Card #_____/Security Code_____
Amount $ _____  Signature _____

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

MAURICE H. PRESSLER(1930-2002)
SHELDON H. PRESSLER
-------
GERARD J. FELT
STEVEN P. MCCABE
LAWRENCE J. MCDERMOTT, JR.
-------
MITCHELL L. WILLIAMSON
THOMAS M. BROGAN
RALPH GULKO
JOANNE L. D'AURIZIO
STEVEN P. BANN

**PRESSLER** AND **PRESSLER,** L.L.P.
COUNSELLORS AT LAW
7 Entin Road
Parsippany, NJ 07054-5020
Off: (973) 753-5100
Fax: (973) 753-5353
-------
NY Office
305 Broadway
9th Floor
New York, NY 10007
Off: (516)222-3929
Fax: (973)753-5353
Reply to [X] NJ Office [ ] NY Office

CHRISTOPHER P. ODOGBILI      DARYL J. KIPNIS
DALE L. GELBER              THOMAS M. KRICK
CRAIG B. STILLER*           STEVEN A. LANG
MITCHELL E. ZIPKIN

-----------------------------
* NY State License Only

OFFICE HOURS:
Monday-Thursday: 8am-9pm
Friday: 8am-7pm
Saturday: 9am-2pm

LORI A DE FAZIO

████████████████

04/07/10
P&P FILE ████████
Placement Amount $4,112.53
Finance Charges $390.14
Attorney Fees $500.26
Amount of Debt $5,002.93

Dear LORI A DE FAZIO

        This is to notify you that your CAPITAL ONE BANK (USA), N.A. Account # ████████
has been placed with the firm of Pressler and Pressler, LLP for collection.

        We shall afford you this opportunity to pay this debt immediately and avoid further
action against you. Make your check or money order payable to Pressler and Pressler, LLP and
include your File Number ████████ and remit to:

            Pressler and Pressler, LLP 7 Entin Rd. Parsippany, NJ 07054-5020

Payment can be made on the website www.paypressler.com. We also accept Visa/Mastercard and
American Express. 'If you choose this payment option return this letter along with:
Name as it appears on Credit Card _____/Street # & Zip_____
Expires ____/____ Credit Card # _____/Security Code_____
Amount $ _____ Signature _____

        If you are unable to pay the balance in full and would like to discuss payment
arrangements, please contact us at (888) 312-8600.

At this time, no attorney with this firm has personally reviewed the particular circumstances
of your account. However, if you fail to contact this office, our client may consider
additional remedies to recover the balance due.

        **PLEASE READ THE FOLLOWING PROVIDED TO YOU PURSUANT TO FEDERAL STATUTE:**

This communication is from a debt collector. This is an attempt to collect a debt. Any
information obtained will be used for that purpose. Unless you notify this office within 30
days after receipt of this notice that you dispute the validity of the debt, or any portion
thereof, this office will assume this debt is valid. If you notify this office in writing
within 30 days from receipt of this notice that the debt or any portion thereof is disputed,
this office will obtain verification of the debt or obtain a copy of a judgment and mail you a
copy of such judgment or verification. Upon your request in writing, within 30 days after
receiving this notice, this office will provide you with the name and address of the original
creditor, if different from the current creditor.

SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – PAGE 2

Plaintiff or Plaintiff's Attorney Information:
Name:
Ralph   Gulko
Address:
Pressler & Pressler
7 Entin Road

Parsippany, NJ 07054-502
Telephone No.: (973) 753-5100

Capital One Bank (Usa), N.A.

**versus**

Lori A De Fazio

Defendant(s) Information: Name, Address & Phone

Lori A De Fazio  AK  Lori A Defazio

| | |
|---|---|
| Demand Amount: | $4,699.99 |
| Filing Fee: | $7.00 |
| Service Fee: | $50.00 |
| Attorney's Fees | $108.99 |
| TOTAL | $4,865.98 |

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION, SPECIAL CIVIL PART

ESSEX        COUNTY
50 West Market Street
Newark, NJ 07102-0000
(201) 621-5358

**Plaintiff(s)**

Docket Number:  DC-█████
(to be provided by the court)

Civil Action

SUMMONS

Contract_Reg

**Defendant(s)**

Date Served:  **07/02/2010**

### RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)

Docket Number: _____  Date: _____  Time: _____
WM____WF____BM____BF____OTHER____HT_____WT_____AGE_____MUSTACHE_____BEARD_____GLASSES_____
NAME: _____  RELATIONSHIP:_____
Description of Premises: _____
_____
I hereby certify the above to be true and accurate:

_____Court Officer

### RETURN OF SERVICE IF SERVED BY MAIL (For Court Use Only)

I, Margaret Nah, hereby certify that on 07/02/2010, I mailed a copy of the within summons and complaint by regular and certified mail,
return receipt requested.

*Margaret Nah*
_____
Employee Signature

RECEIVED    FRIDAY 7/2/2010 1:32:37 PM 4458350                    FILED    Jul 02, 2010

Pressler and Pressler, LLP
7 Entin Rd.
Parsippany, NJ 07054-5020
(973)753-5100
Attorney for Plaintiff
File # ▮▮▮▮▮▮▮▮

CAPITAL ONE BANK (USA), N.A.                   SUPERIOR COURT OF NEW JERSEY
                                                      Law Division

                        Plaintiff              ESSEX  Special Civil Part

. vs.
                                               Docket #  DC-▮▮▮▮▮

LORI A DE FAZIO A/K/A LORI A DEFAZIO              Civil Action
       Defendant(s)                                COMPLAINT
                                                   (Contract)

Plaintiff having a principal place of business at: 6356  CORLEY  RD
NORCROSS, GA 30091 says:

1. There is due the plaintiff from the defendant(s) LORI  A  DE  FAZIO
A/K/A LORI A DEFAZIO on credit card account #(s) ▮▮▮▮▮▮▮▮ which
is now in default the sum of $4,112.53 plus finance charges from
10/10/2009 to 06/29/2010 of $587.46 for a total of $4,699.99.

WHEREFORE, plaintiff demands judgment for the sum of  $4,699.99  plus
accruing finance charges to the date of judgment plus costs.

I certify that the matter in controversy is not  the  subject  of  any
other  court  action  or  arbitration  proceeding,  now  pending    or
contemplated, and that no other  parties  should  be  joined  in  this
action.

I certify that confidential personal identifiers have  been  redacted
from documents now submitted to the court, and will be  redacted  from
all documents submitted in the future in accordance in Rule 1:38-7(b).

                               PRESSLER and PRESSLER, LLP
                               Attorneys for Plaintiff(s)
                               By: S/Ralph Gulko

                                  Ralph Gulko

# Exhibit

# B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Lori DeFazio and Carol Grubb, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>Pressler & Pressler, L.L.P.; and Midland Funding, LLC; and John Does 1-25<br><br>Defendant. | Civil Case No: 2:10-cv-03602 JLL MAH<br><br><br><br>**ELECTRONICALLY FILED** |

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

**THIS MATTER** presented for hearing before the Court, in order for this Court to conduct a preliminary hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to provisionally certify the Settlement Class, to address the appointment of Class Counsel and Class Representative, and to schedule a Fairness Hearing; and the Plaintiff and Settlement Class members being represented by Class Counsel and Defendants being represented by their attorneys;

**AND THE COURT,** having read and considered the Settlement Agreement and other papers submitted jointly by counsel for the parties, having reviewed and considered the parties' Memorandum, and all papers filed and proceedings in this action, and for good cause appearing, the Court finds the following:

1.　　　This litigation was commenced by Plaintiff as a class action against Defendants.

2.　　　In her class action Complaint, Plaintiffs alleged that the Defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., by sending a debt collection letters and/or notices that failed to comply with the requirements of the FDCPA.

3.    Defendants have denied any and all liability alleged in the Complaint.

4.    As a result of arm's-length negotiations between Class Counsel and Defendant's Counsel, the Parties have reached a settlement that provides, among other relief, a monetary settlement fund to benefit New Jersey consumers via a Cy Pres distribution to Deirdre's House in Morristown, New Jersey which provides services to child victims of abuse and/or neglect and for children that have witnessed domestic violence.

5.    The Parties now request approval of a Settlement Class pursuant to Fed. R. Civ. P. 23(b)(2).

6.    The Court has read and considered the Settlement Agreement, the Joint Motion for Preliminary Approval, and certification submitted in support of it, the accompanying documents and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

1.    The motion for Preliminary Approval of the proposed settlement is GRANTED and the parties are hereby ordered to comply with the schedule as set forth in this Order and according to the terms of the Settlement Agreement.

2.    The Court has jurisdiction over the subject matter of this matter and over all parties hereto.

3.    In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendant shall serve written notice of the proposed class settlement.

4.    Pursuant to Fed. R. Civ. P. 23(b)(2), the following Settlement Class is certified for purposes of final settlement:

All natural persons residing in the State of New Jersey who were sent a collection letter, notice or complaint containing one or more Class Claims (as defined below) between July 17, 2009, and the day the Order of Preliminary Approval of Class Action Settlement is entered.

2

There are hundreds of thousands of such  persons who are New Jersey Class Members. Excluded from the New Jersey Class are:

> (i) Any person specifically identified by name in any lawsuit, arbitration or other similar action, brought or filed against Defendant by said identified person whether as a complaint, counterclaim, third party complaint or other pleading, which has been filed and is pending up to and through the day that Preliminary Approval of the Class Action Settlement is entered.

"Class Claims" shall mean any claims that were asserted or that could have been asserted in this Lawsuit, including but not limited to claims asserted or which could have been asserted regarding letters, notices and complaints sent to New Jersey Class Members, similar to ones received by Plaintiffs and attached to the Complaint and claims related to the entitlement, reasonableness, propriety, calculation or authorization for Defendant's request, demand, or claim for attorney's fees, whether said request, demand, or claim for attorney's fees was made in a letter or pleading such as but not limited to a complaint.

Class Claims do not include the claims alleged in the Class Action Complaint as Count IV, as violations of 15 U.S.C. 1692§c(a)(2).

5.     The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. Specifically, the Court finds that the Settlement Class satisfies the prerequisites for class certification under Rule 23 in that:

a.     The members of the above defined class are so numerous that joinder of all members is impracticable;

b.     There are questions of law and fact common to the Settlement Class;

c.      The claims of the Class Representatives are typical of the claims of the Settlement Class;

d.      The Class Representatives fairly and adequately represents the interests of the Settlement Class.  There are no conflicts of interest between the Class Representatives and members of the Settlement Class;

e.      Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Class;

f.      Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy;

6.      The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement attached hereto as **Exhibit A**, are fundamentally fair, reasonable, adequate and is in the best interests of the Settlement Class members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Settlement Class members.

7.      Pursuant to Fed. R. Civ. P. 23, the Court finds that Plaintiffs Lori DeFazio and Carol Grubb fairly and adequately represent and protect the interests of the Settlement Class and appoints them as Class Representatives.

8.      Pursuant to Fed. R. Civ. P. 23(g), the Court appoints Joseph K. Jones, Esq. as Settlement Class Counsel.

9.      The Settlement Agreement, a copy of which is attached hereto as **Exhibit A**, provides in part for Defendants to (1) establish a fund in the amount of $35,000.00, and (2) pay Plaintiffs' reasonable counsel fees, costs and expenses of $35,000.00, and the Class Representatives' incentive payment of $2,000.00 in satisfaction of all damages, expenses, costs, and claims in this Action, as provided by the Court

10.     A Fairness Hearing shall be held before this Court at _____ a.m. or p.m., on

_____, in Courtroom _____ at the United States Courthouse,

District of New Jersey, _____, Newark, New Jersey

on the proposed Settlement including: a) whether to grant final approval to the Settlement as fair,

reasonable, and adequate and issue an Order dismissing the Complaint with prejudice; and b)

whether to approve the award to Plaintiff. This hearing may be adjourned from time to time

without further or prior notice by oral announcement by the Court or by written order.

11.     Any Member of the Class may appear, in person or through counsel (at their own

expense), at the aforementioned Fairness Hearing and be heard in support of or in opposition to

the fairness, reasonableness and adequacy of the proposed Settlement, award of counsel fees,

reimbursement of costs and expenses, and Class Representative incentive payment provided.

12.     In the event that the Settlement Agreement is not approved by the Court, or if

approval of the Settlement Agreement, including the entry of the Conditional Certification Order

or the Final Order and Judgment, is reversed or modified on appeal (except for the modification

of any attorney's fee award), or any one of the conditions precedent set forth in the Settlement

Agreement is not met, then the Conditional Certification Order and the Final Order and

Judgment, including, but not limited to, the conditional class certification entered to effectuate

this Agreement, and all findings of fact and conclusions of law therein, shall be automatically

dissolved *ab initio* without further order of the Court, and become null and void and of no force

and effect.

**BY THE COURT**

_____